### KING–SIZE PUBLICATIONS, INC., Plaintiff,

v.

### AMERICAN NEWS COMPANY and The Union News Company, Defendants.

### Civ. A. No. 951–59.

United States District Court
D. New Jersey.
April 11, 1961.

———◆———

Bailey & Schenck, by Jay E. Bailey, Newark, N. J., Thurmond Arnold, Washington, D. C., Lewis M. Dabney, Jr., New York City, of counsel, for plaintiff.

Dembe, Dembe & Gallagher by Cornelius E. Gallagher, Bayonne, N. J.,

James F. McGovern, Jr., Jersey City, N. J., Eugene F. Roth and Barrett G. Kreisberg, of Roth & Riseman, New York City, of counsel, for defendants.

MEANEY, District Judge.

After the trial of the instant private anti-trust action, which lasted ten days and resulted in a jury verdict of no cause for action, plaintiff has moved for a new trial on the ground that the verdict was against the weight of the evidence, and upon a further ground.

Insofar as the motion of plaintiff to set aside the verdict on the ground that it was clearly against the weight of the evidence is concerned, the court is of the opinion that the verdict was consonant with the proofs adduced, and that the jury was in proper exercise of its function in this regard.

The second ground is based upon a letter received by the Chief Judge of this court, as follows:

"615 Pavonia Ave.
"Jersey City 6, N. J.     2/12/61
"Honorable William F. Smith
"U. S. District Court
"Newark, N. J.        Re: Jury Duty

"Dear Sir:

"I have recently completed ten days of jury duty in Hon. Thos. F. Meaney's Court where an Anti-Trust case was disposed of but have been requested to return on 2/15/61 for further participation. In this case I based my decision to the best of my ability to interpret the court's charges. However, as I am extremely prejudiced in Anti-Trust cases and Tax evasion cases, I am hereby asking to be excused as a juryman from cases which involve the above mentioned.

"Due to far reaching political issues; polyglot, socialist and communist Federal legislation has become prevalent to the point where it stands out as the "Essence of Conflict" & is extremely discriminatory & prejudicial. I am not an at-torney, Socialist or Communist & it is not my purpose to attempt to formulate a paradox for the courts of the U. S. I just wish to emphasize that while a Federal law exists allowing Labor Union Racketeers to dictate wages & working conditions (by force), I will never render a decision in favor of a Plaintiff in Anti-Trust or Tax evasion cases. As far as I am concerned the "Labor law" is "Ipso Facto" & should allow an employer engaged in I.C. the privilege of anything he sees fit! I have no money but by Heritage I am a Capitalist & American!
"Yours respectfully
"(Signed) Wm. F. Murphy
"Juryman No. 1."

Hearings were had, juror Murphy was examined at length by counsel and the court, and briefs were submitted.

It is universally recognized, and courts of all jurisdictions have determined, that in criminal cases a fair and impartial jury is an essential element of every trial. And that means that *every* juror must be of the type qualifying as fair and impartial. Time after time courts have stressed the indefectibility of this requirement. And since the principles of justice are universal, in spite of the fact that in criminal cases human liberty and life may be at stake, the same requisites of proper administration of justice must exist in principle for all legal proceedings, civil or criminal. Therefore the same high standards for jurors must be adhered to in civil litigation as prevail in criminal trials.

Juror Murphy asserts a violent and long-standing antipathy to federal legislation dealing with income taxation and labor management relations. From his letter and from his testimony it appears that Murphy's antipathy has grown to include the anti-trust laws. The crucial question is, what credence is to be given to juror Murphy when he asserts that his feelings as to the anti-trust laws arose only upon reflection during the short period of time (2 days) between the ver-

dict and his letter. In the course of his examination counsel for the defendant, paraphrasing Murphy's testimony, said "And after the case was over you decided that in all fairness you didn't wish to serve as a juror in these two types of cases, because somehow or other you had developed a strong feeling about them; is that correct?" To which Murphy replied "That's putting it magnificently."

The court is of the opinion that Murphy's deep-seated prejudice against plaintiffs under federal laws, including the anti-trust laws, antedated or at least coexisted with the trial of this action. Under the circumstances Murphy's impartiality is so seriously open to question that the court in its discretion will set the verdict aside and order a new trial.

In view of the foregoing, it is on this 11th day of April, 1961, Ordered that the verdict of no cause of action returned in this action be set aside and a new trial upon all of the issues be had.